UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVETTE WILLIAMS-LAWSON,

                Plaintiff,

    -against-

SUBWAY SURFACE SUPERVISORS
ASSOCIATION; MICHAEL CARRUBE;
WILLIAM TORRES,

                Defendants.

20-CV-8544 (PGG)

ORDER OF SERVICE

PAUL G. GARDEPHE, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131 alleging that her employer discriminated against her based on her race, sex, and religion. By order dated October 14, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to

serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Subway Surface Supervisors Association, Michael Carrube, and William Torres through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Subway Surface Supervisors Association, Michael Carrube, and William Torres and deliver to the U.S. Marshals Service all documents necessary for service.

Dated:  October 16, 2020
        New York, New York

                                                            _____
                                                                  PAUL G. GARDEPHE
                                                               United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Subway Surface Supervisors Association
   350 State Street
   Brooklyn, NY 11217

2. Michael Carrube
   Subway Surface Supervisors Association
   350 State Street
   Brooklyn, NY 11217

3. William Torres
   Subway Surface Supervisors Association
   350 State Street
   Brooklyn, NY 11217