UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVETTE WILLIAMS-LAWSON,

                    Plaintiff,

         -against-

SUBWAY SURFACE SUPERVISORS
ASSOCIATION; MICHAEL CARRUBE,
President; WILLIAM TORRES, Secretary,

                    Defendants.

**ORDER**

20 Civ. 8544 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This is a pro se employment discrimination action in which Plaintiff Yvette Williams-Lawson alleges that Defendants Subway Surface Supervisors Association (the "Association"), Michael Carrube – the Association's president – and William Torres – the Association's Secretary/Treasurer – discriminated against her on the basis of her sex, race, and religion.  (Cmplt. (Dkt. No. 2) at 6-8)[1]  The Complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; 42 U.S.C. Section 1981; the New York State Human Rights Law, N.Y. Exec. Law, §§ 290 et seq. (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code, §§ 8-101 et seq. (the "NYCHRL").  (Id. at 8-9)

        Defendants moved to dismiss.  (See Dkt. No. 14)  This Court referred Defendants' motion to Magistrate Judge Sarah L. Cave for a Report & Recommendation ("R&R").  (Dkt. No. 17)

        On June 21, 2021, Judge Cave issued an R&R recommending that Defendants' motion to dismiss be granted.  (Dkt. No. 27)  In her R&R, Judge Cave provides clear notice of

---

[1]  All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

the fourteen-day deadline for making objections to the R&R, and the fact that a failure to object will preclude appellate review.[2] No party has filed objections to the R&R.

A district court's review of a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Where, as here, no objections to an R&R have been filed, the parties have waived their right to appellate review. See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [R&R] if the party fails to file timely objections designating the particular issue."); see also Mario v. P & C Food Markets,

---

[2] The R&R states:

> **NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**
>
> The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Gardephe.
>
> **FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985). If Williams-Lawson does not have access to cases cited in this Report and Recommendation that are reported on Westlaw, she may request copies from Defendants' counsel. See Local Civ. R. 7.2.

(R&R (Dkt. No. 27) at 32) (emphasis in original))

Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's [R&R] operates as a waiver of further judicial review of the magistrate's decision."). This Court has nonetheless reviewed Judge Cave's R&R for clear error. See Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (noting that, in the absence of objections, a district court's review of an R&R is limited to a consideration of whether there is any "clear error on the face of the record" that precludes acceptance of the recommendations) (citation and quotation marks omitted).

Plaintiff was the executive vice president of the Association, a union for transit supervisors. Plaintiff was elected by the Association's members to her position. (Cmplt. (Dkt. No. 2) at 10) Plaintiff claims that Defendants discriminated against her on the basis of her race, sex, and religion; that they terminated her employment; unlawfully retaliated against her; and that their harassment of her created a hostile work environment. (Id. at 8, 10)

Defendants moved to dismiss or, in the alternative, for summary judgment. (See Def. Mot. (Dkt. No. 14); Def. Br. (Dkt. No. 14-5); see also Def. Notice to Pro Se Litigant (Dkt. No. 14-1) at 1 (notifying Plaintiff that "[t]he defendants in this case have moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and have relied upon additional written materials beyond the complaint. This means that defendants have asked the Court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."))

In her R&R, Judge Cave converts Defendants' motion to dismiss to a motion for summary judgment; recommends that Defendants be granted summary judgment on Plaintiff's

federal claims; and that this Court decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims.  (R&R (Dkt. No. 27) at 1-2, 12-13, 30-31)

Judge Cave concludes that Defendants are entitled to summary judgment on Plaintiff's Title VII claims because they are untimely.  (Id. at 13-15)  The Complaint was filed on October 9, 2020, more than seven months after Plaintiff received her right-to-sue letter from the Equal Employment Opportunity Commission (the "EEOC").  (Id. at 14; see also Cmplt., Ex. 4 (Dkt. No. 2) at 19 (the March 3, 2020 EEOC right-to-sue letter; warning Plaintiff that any "lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**") (emphasis in original)))  The Court sees no clear error in this determination.

Judge Cave concludes that Plaintiff's claims under 42 U.S.C. § 1981 likewise fail. Judge Cave "construes [the] complaint as asserting claims under § 1981 for discrimination, retaliation, and hostile work environment."  (R&R (Dkt. No. 27) at 19)  As to Plaintiff's Section 1981 discrimination claims, Judge Cave finds that – to the extent that Defendants' treatment of Plaintiff amounts to adverse employment actions – Plaintiff has not offered evidence that "'similarly situated employees were treated differently from [her].'"  (Id. at 23 (quoting Concey v. New York State Unified Ct. Sys., No. 08 Civ. 8858 (PGG), 2011 WL 4549386, at *15 (S.D.N.Y. Sept. 30, 2011)) (emphasis omitted); see also id. 23-25)  The Court sees no clear error in this determination.

As to Plaintiff's retaliation claim under Section 1981, Judge Cave concludes that Plaintiff has not demonstrated that (1) she participated in a "protected activity"; or (2) there is temporal proximity between her alleged "protected activity" and the alleged adverse employment actions taken against her.  (Id. at 26-27)  The Court sees no clear error in this determination.

4

As to Plaintiff's hostile work environment claim under Section 1981, Judge Cave concludes that the alleged discriminatory actions are not "'sufficiently severe or pervasive to alter [her] conditions of employment or create an abusive working environment.'" (Id. at 29 (quoting Fernandez v. City of New York, No. 12 Civ. 2125 (RWS), 2012 WL 2402642, at *5 (S.D.N.Y. June 26, 2012))) The Court sees no clear error in this determination.

Finally – given that all of Plaintiff's federal claims fail – Judge Cave recommends that this Court not exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims. (Id. at 30) Where all federal claims are dismissed, courts generally do not exercise supplemental jurisdiction over related state and city law claims. See Fitzgibbons v. Putnam Dental Assocs., P.C., 368 F. Supp. 2d 339, 345 (S.D.N.Y. 2005) ("A district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. . . . Accordingly, as all federal claims have been dismissed, [the court] exercise[s] [its] discretion and dismiss[es] plaintiff's remaining state law claims without prejudice." (citation and quotation marks omitted)).

## CONCLUSION

The R&R (Dkt. No. 27) is adopted as set forth above, and Defendants are granted summary judgment on Plaintiff's Title VII and Section 1981 claims. (See Dkt. No. 14) Plaintiff's NYSHRL and NYCHRL claims are dismissed without prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 14) and to close this case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff.

Dated: New York, New York
        September 20, 2021

SO ORDERED.

*Paul G. Gardephe*
_____
Paul G. Gardephe
United States District Judge